**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAMELA H. WIGGINS, | ) | Case No. 18-13607-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| RONALD APOSTOLAKIS | ) | Adversary Proceeding |
| | ) | No. 20-01068-BFK |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD F. KING, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for a trial on the merits on May 7, 2021. At the conclusion of the trial, the Court requested that the parties file post-trial Memoranda of Law. The parties have filed their Memoranda, which the Court has reviewed. Docket Nos. 18, 19. For the reasons stated below, the Court finds for the Defendant, Donald F. King, Trustee ("the Trustee"). A separate Order will be entered granting Judgment for the Trustee.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

*A. The Acquisition of the Property.*

1. The Debtor in this bankruptcy case, Pamela H. Wiggins, is a resident of Fairfax, Virginia.

1

2. Her brother, Ronald Apostolakis, resides in Florida.

3. Their mother, Genevieve Apostolakis, passed away on November 1, 2016.[1]

4. In March 2015, Mr. Apostolakis and his mother decided to move to Pompano Beach, Florida. They purchased a home at 963 SE 9th Ave., Pompano Beach, FL 33064 ("the Property").

5. Mr. Apostolakis borrowed $80,000.00 from a friend, and personally supplied some additional funds, for the down payment. Pl. Ex. 10.[2]

6. Because of credit problems that Mr. Apostolakis was experiencing at the time, Mr. Apostolakis and his mother decided that they would take title to the Property solely in Genevieve's name. Pl. Ex. 1.

7. Mr. Apostolakis and his mother both resided in the Property.

8. The mortgage was solely in Genevieve's name. Pl. Ex. 8.

9. Although title was solely in Genevieve's name, Mr. Apostolakis made the mortgage payments and paid for the maintenance of the Property.

10. All five of the siblings – Pamela Wiggins, Florence Reigle, Emmanuel Apostolakis, Ted Apostolakis, and Ronald Apostolakis – testified that they understood from the outset that the Property was Mr. Apostolakis' property. The Debtor, Ms. Wiggins, testified that it was her brother's house "from Day 1." Ted Apostolakis testified that "my brother bought a house," and "my mother lived there."

---

[1] Because the Plaintiff, a number of the witnesses, and Genevieve Apostolakis all share the same last name, the Court will refer to Ms. Apostolakis as Genevieve. The Plaintiff, Ronald Apostolakis, will be referred to as Mr. Apostolakis.

[2] The Plaintiff's Exhibits will be referred to as "Pl. Ex. __." The Defendant's Exhibits will be referred to as "Def. Ex. __."

11. In June 2015, Mr. Apostolakis was concerned that title to the Property was in Genevieve's name and not in his name. He and his mother went to see Ted Dipuzzio, an attorney in Florida, about a will for Genevieve. Mr. Dipuzzio advised them that they should re-title the Property in Mr. Apostolakis' name, but no action was ever taken to do so.

12. Mr. Apostolakis still resides in the Property.

B. *The Probate Proceedings in Florida.*

13. Genevieve passed away intestate, that is, without a known, original will.[3]

14. Mr. Apostolakis was appointed as the Personal Representative of her estate by the Broward County Circuit Court. Florida Probate Case No. PRC-18-1931.

15. At the time she died, Genevieve had five heirs, including the Debtor, Ms. Wiggins, and the Plaintiff, Mr. Apostolakis.

16. The Probate Estate consists of approximately $70,000.00 in assets: $60,0000.00 in annuities and $10,000.00 in Wells Fargo Stock.

17. Mr. Dipuzzio testified that, although the Property is listed on an Inventory filed with the Broward County Circuit Court, he does not believe it to be property of the Probate Estate, owing to Mr. Apostolakis' equitable claims to title.

18. No determination has been made by the Broward County Circuit Court due to Ms. Wiggins' bankruptcy filing and the automatic stay.

C. *Ms. Wiggins Files for Bankruptcy.*

19. Ms. Wiggins filed a Voluntary Petition under Chapter 7 with this Court on October 25, 2018. Mr. King was appointed as the Chapter 7 Trustee.

---

[3] Ted Dipuzzio, counsel for Mr. Apostolakis as Personal Representative in the Probate Estate, testified that there was a copy of a will, but that the original could not be located, nor could the witnesses be located.

20. Mr. Apostolakis filed an unsecured Proof of Claim in the amount of $180,000.00 for "money loaned." Proof of Claim 11-1.

21. Mr. Apostolakis also filed a Motion for Relief from the Automatic Stay "to file a petition in the Florida Probate Court, and/or initiate other litigation in Florida, to determine the interest of the heirs related to the subject property. . . ." Case No. 18-13607-BFK, Docket No. 29 at 3.

22. The Trustee opposed the Motion. Docket No. 32.

23. The Court denied the Relief from Stay Motion, finding that this Court had exclusive jurisdiction to determine whether the Debtor's one-fifth interest in the Property was property of the bankruptcy estate, and that the Trustee's interest in the Property, if any, could be prejudiced by any findings made by the Probate Court in Florida. Docket No. 43.

24. Mr. Apostolakis then filed this Adversary Proceeding to determine his interest in the Property. Case No. 20-01068-BFK, Docket No. 1.

## Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate) and (O) (proceedings affecting the liquidation of assets of the estate).

The Court rejects the Plaintiff's argument that the probate exception to federal jurisdiction applies here. This is a core proceeding to determine property of the estate under Bankruptcy Code Section 541(a) and to determine the Trustee's rights under Section 544 of the Code. The Supreme Court has held that the probate exception is a narrow one, allowing state probate courts to undertake "the probate or annulment of a will[,] the administration of a

decedent's estate[, and] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). However, the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. In *Lee Graham Shopping Center, LLC v. Estate of Kirsh*, 777 F.3d 678, 681 (4th Cir. 2015), the Fourth Circuit held that the probate exception only applies where the federal court is called upon "to probate a will, to annul a will, to administer a decedent's estate; or to dispose of property in the custody of a state probate court." In this case, the Court determines in Part I, below, that title to the Property was vested in the heirs, including the Debtor in this case, as of the filing of the bankruptcy case, not in the Probate Estate. The Court finds, therefore, that the probate exception does not apply.

      I.      **Counts I, II, and III - Declaratory Judgment.**

Counts I, II, and III all seek essentially the same relief – a determination that the Property is not property of the bankruptcy estate. *See* Complaint, Count I ("Is the Real Property Part of the Bankruptcy Estate?"), Count II ("The Real Property Remains Titled in [the] Mother's Name"), and Count III ("The Real Property Belongs to Ronald Apostolakis"). The Court will address these Counts together.

When a bankruptcy case is filed an estate is created which includes "all legal or equitable interests of the debtor in property in property . . . wherever located and by whomever held. . . ." 11 U.S.C. § 541(a). The Court looks to applicable non-bankruptcy law, here that of the State of Florida, to determine the ownership interests of the parties in the Property. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result. . . .") This turns in part on whether title to the Property devolved to Genevieve's heirs upon her death, or whether legal title passed into the

Probate Estate. This threshold inquiry is important for the resolution of the second question, below, regarding the Trustee's rights in the Property. If Ms. Wiggins had only an interest in the Probate Estate when she filed for bankruptcy, the Trustee's rights may not be as strong as they would be if she held title to the real property. *Compare Wells Fargo Funding v. Gold (In re Taneja)*, 432 B.R. 216, 220-21 (E.D. Va. 2009) (equitable claims to real property subject to Trustee's rights under Bankruptcy Code Section 544(a)(3)), *with Burke v. Salahi (In re Salahi)*, 2012 WL 3249550, at *6-7 (Bankr. E.D. Va. 2012) (trustee's rights under Bankruptcy Code Sections 544(a)(1) and (2) in personal property are subject to fraudulent transfer claims).

Under Florida law, "[a]ny part of the estate of a decedent not effectively disposed of by will passes to the decedent's heirs. . . ." Fl. St. § 732.101(1). The case law is clear that title to real property vests in the heirs at the time of death. *Slater v. Slater*, 437 So.2d 1110 (Fla. 5th DCA 1983) ("The title to real property owned by an intestate decedent descends at death directly to the heirs subject to administration of the estate."); *Ray v. Rotella*, 425 So.2d 94, 96 (Fla. 5th DCA 1982) ("the title to the property of an intestate decedent passes at death directly to the heirs subject to the administration of the estate"); *Grobard v. Grobard*, 382 So.2d 117, 118 (Fla. 3d DCA 1980). The court in *Ray v. Rotella* described the probate estate's interest in the property of a decedent as "limited rights to possession of, and power over the title to, the property of a decedent." 425 So.2d, at 96. The Court explained these limited powers as follows:

> The personal representative has limited rights to possession of, and power over the title to, the property of a decedent. If necessary for purposes of administration, the personal representative has a right to possession and control of the decedent's property, except the homestead. § 733.607, Fla.Stat. (1981). The powers of the representative over the property of the estate are limited. § 733.612, Fla.Stat. (1981). In the absence of a will, the personal representative possesses the estate property only for the purposes of payment of debts; family allowances; estate and inheritance taxes; claims, charges and expenses of administration; to enforce contributions; to equalize advances; and for distribution. § 733.608, Fla.Stat.

6

>(1981). The personal representative does have certain powers of distribution. *See* §§ 733.608(3), 733.612(26), and 733.810, Fla.Stat. (1981).

*Id.*[4]

The Plaintiff argues that "the beneficiaries do not really get 'title,' and the 'distribution' only occurs when the asset is distributed or when the PR's term comes to an end (which effectively distributes the asset)." Pl. Mem. at 3. In the Plaintiff's view, "until the Probate Estate is fully administered[,] the title [to the] Property has not passed on to the heirs and all estate matter[s] must be resolved and administration of Probate Estate completed." *Id*. This argument, however, confuses the completed administration of the Probate Estate with title to the Property. The opinion in *Ray v. Rotella* made this clear: "*since the heirs have already inherited the title*, the distribution to them is not of the title but is of the personal representative's rights and is legally more in the nature of a formal termination of the possession and power of divestment that exists in the personal representative during administration." 425 So.2d, at 96 (emphasis added).

The Court finds, therefore, that Ms. Wiggins had title to a one-fifth interest in the Property as of the death of Genevieve Apostolakis on November 1, 2016.

**II.    Count IV and V – Constructive Trust and Resulting Trust.**

Counts IV and V seek the imposition of a constructive trust and a resulting trust, respectively, in the Property. In order to impose a constructive trust under Florida law, the Plaintiff must demonstrate by clear and convincing evidence: (1) the existence of a promise express or implied, (2) transfer of the property and reliance thereon, (3) the existence of a confidential relationship, and (4) unjust enrichment. *Silva v. de la Noval*, 307 So.3d 131, 134 (Fla. 3d DCA 2020); *Abreu v. Amaro*, 534 So.2d 771, 772 (Fla. 3d DCA 1988). A resulting trust arises where "a person furnishes money to purchase property in the name of another, with both

---

[4] This is consistent with Mr. Dipuzzo's testimony that the Property is not part of the probate estate.

parties intending at the time that the legal title be held by the named grantee for the benefit of the unnamed purchaser of the property." *Petithomme v. Petithomme*, 232 So.3d 1058, 1061 (Fla. 3d DCA 2017); *Key v. Trattmann*, 959 So.2d 339, 342–43 (Fla. 1st DCA 2007). Both types of claims, in this case, represent an unrecorded, equitable interest in property.

The Trustee, however, has the rights of a bona fide purchaser of the Property without notice of Mr. Apostolakis' unrecorded, equitable interests. 11 U.S.C. § 544(a)(3). The question is whether under Florida law, assuming that Mr. Apostalakis has demonstrated that he is entitled to a constructive trust or a resulting trust, a bona fide purchaser without notice of these interests would take title free and clear of them. The Court finds that, in this contest, the bona fide purchaser wins.

Under Florida law, "real property is presumed to be held as it is titled unless the debtor is able to rebut the strong presumption in favor of a recorded deed." *Sanchez-Villalba v. Herkert*, No. 12–23199–CIV, 2013 WL 537496, at *4 (S.D. Fla. Feb. 12, 2013) *citing Reasoner v. Fisikelli*, 153 So. 98, 105 (Fla. 1934). The *Sanchez-Villalba* case involved circumstances similar to those in this case. In *Sanchez-Villalba*, the Debtor asserted that her father put title in her, her mother's, and her sibling's names for estate planning purposes, but that she only had bare legal title and not equitable title. *Id*. at *1. The District Court rejected this claim, holding "under the Florida Recording Statute, Fla. Stat. § 695.01, bona fide purchasers prevail over unrecorded equitable interests." *Id*. at *4 *See also In re Corzo*, 406 B.R. 154, 161 (Bankr. S.D. Fla. 2008) ("Under Florida's recording statute, Fla. Stat. § 695.01, a bona fide purchaser of real property takes precedence over unrecorded equitable interests."); *In re Loewen Group Int'l*, 292 B.R. 522, 527 (Bankr. D. Del. 2003) ("a bona fide purchaser of real property under Florida law may avoid an unrecorded interest"); *Dubai Islamic Bank v. Attorneys' Title Ins. Fund*, 778 So.2d 413 (Fla.

3d DCA 2001) (beneficiary of a constructive trust holds an unrecorded interest that is inferior to the interest of a bona fide purchaser).

The Plaintiff's argument on this issue is essentially a restatement of his argument on the first question, above. He asserts that "we are not yet there," and that the issues "should continue to be decided by the pending state court proceedings." Def. Mem. at 8-9. He further argues that this Court cannot address whether the Trustee has the powers of a bona fide purchaser until it is determined by the Florida Probate court whether the Plaintiff owns the entire Property or not. *Id.* But, this Court has decided, above, that it has jurisdiction to decide the issues, and that a one-fifth title to the Property vested in Ms. Wiggins as of the date of Genevieve's death. There is no real legal argument that the Trustee's powers as a bona fide purchaser are subject to the Plaintiff's unrecorded, equitable interests in the Property.[5]

The Court holds, therefore that the Trustee's rights as a bona fide purchaser without notice are superior to Mr. Apostolakis' equitable claims in the property. Judgment will be entered for the Trustee.

### III.    Count VI – Determination of Claim.

The parties agreed at the trial that Count VI is not ripe for a decision because the Trustee has not objected to Mr. Apostolakis' proof of claim. The Court, therefore, will dismiss Count VI without prejudice.

---

[5] The case of *In re Halabi*, 184 F.3d 1335 (11th Cir. 1999), upon which the Plaintiff relies, is distinguishable. *Halabi* involved the Chapter 7 Trustee's attempt to avoid the assignment of a mortgage against the Debtor's real property. The Eleventh Circuit held that, notwithstanding the Trustee's powers under Section 544, the bankruptcy estate had no interest in the mortgage itself, so the assignment of the mortgage could not be avoided. 184 F.3d, at 1337 ("the assignment of the perfected mortgage—from Republic to Farragut, from Farragut to Atlantic and, finally, from Atlantic to Federal—did not involve the transfer of any property belonging to the debtor or to the debtor's estate. In each instance, the assignment was merely the transfer of one mortgagee's interest to a successor mortgagee.")

## Conclusion

For the foregoing reasons, the Court will enter a separate Judgment Order under which:

A. Judgment will be granted in favor of the Trustee. The Court will declare that Ms. Wiggins' one-fifth interest in the Property is property of the bankruptcy estate under Counts I, II, and III.

B. Judgment also will be entered for the Trustee denying the Plaintiff's request for the imposition of a constructive trust or a resulting trust under Counts IV and V.

C. Count VI will be dismissed without prejudice.

D. The Clerk will mail copies of this Memorandum Opinion, together with the accompanying Judgment Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Jul 14 2021

Alexandria, Virginia

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: July 14, 2021

Copies to:

Ronald Apostolakis
3627 Embassy Lane
Fairfax, VA 22030
*Plaintiff*

George LeRoy Moran, Esquire
4041 University Drive, Suite 301
Fairfax, VA 22030-3410
*Counsel for Plaintiff*

Donald F. King, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Defendant*

Alexander McDonald Laughlin, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Counsel for Defendant*